UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MITROS, <br> on behalf of himself and all others <br> similarly situated, <br> <br> Plaintiff, <br> <br> v. <br> <br> NORTH SHORE AGENCY, <br> <br> Defendant. | : <br> : <br> : C.A. No. 16- <br> : <br> : <br> : <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : CLASS ACTION <br> : <br> : |

## COMPLAINT – CLASS ACTION

### I.    INTRODUCTION

1.    This is a consumer class action brought on behalf of consumers against a debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). These laws prohibit debt collectors from engaging in false, deceptive, misleading or unfair collection practices.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.    PARTIES

4.    Plaintiff John Mitros is an adult individual residing in Pennsylvania.

5.    Defendant North Shore Agency ("NSA") is located at 270 Spagnoli Road, Suite 110, Melville, New York 11747. NSA regularly engages in the collection of consumer debt through the

use of the mails.  At all times material hereto, NSA was a "debt collector" as that term is contemplated in section 1692a of the FDCPA.

### IV.    FACTUAL ALLEGATIONS

6. On or about January 26, 2016 and March 1, 2016, Defendant sent collection letters to Plaintiff Mitros.   Redacted copies of the letters are attached hereto as Exhibit A.

7. The letters were an attempt to collect a consumer debt, *i.e.*, a bill allegedly originally owed to Publishers Clearing House.

8. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

9. The letters were each sent to Plaintiff in an envelope with a transparent window.

10. Through the window of the envelope there is visible a bar code which when read or scanned, results in a display of a string of numbers, thus revealing personal identifying information about Plaintiff, such as the account number of the alleged debt Defendant or Publishers Clearing House assigned to Plaintiff and/or his account, or a reference or registration code number.

11. The identifying information is unique to the consumer, as NSA's website instructs consumers to refer to the account number when communicating with NSA.

12. The bar code visible through the window could be easily scanned by anyone with a smartphone, as scanning applications are readily available to the public for free.  *See, e.g.,* https://play.google.com/store/apps/details?id=com.google.zxing.client.android, showing that a scanner called the "Barcode Scanner" has over 100 million downloads.

13. The FDCPA, at section 1692f(8), prohibits a debt collector such as Defendant from using unfair or unconscionable means to collect or attempt to collect a debt, specifically including "[u]sing any language or symbol, other than the debt collector's address, on any envelope when

communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

14.     The account, reference or registration number is a piece of information capable of identifying Plaintiff Mitros as a debtor, and thus its disclosure has the potential to cause harm to a consumer and directly implicates and controverts individual privacy concerns which are a core concern animating the FDCPA.   15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

15.     Defendant has violated section 1692f(8) of the FDCPA as to the Plaintiff and the members of the Class hereinafter defined, by disclosing the account number assigned to consumers through the envelope window.   *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014); *Palmer v. Credit Collection Services, Inc.*, 2015 WL 9315988 (E.D. Pa. Dec. 22, 2015) (granting summary judgment in favor of plaintiff); *Kostik v. ARS National Services, Inc.*, 2015 WL 4478765 (M.D. Pa. July 22, 2015) (same).

16.     In addition, the two letters seek vastly different amounts.   The January 26, 2016 letter demands payment of $22.95, and the March 1, 2016 letter demands payment of $50.40.   *See* Exhibit A.   The letters do not supply an explanation why the amount demanded could more than double over a thirty-five day period.   On information and belief, the underlying contract contains no authority for such a substantial increase in the amount demanded.

17.     Plaintiff paid Defendant the sum demanded in the March 1, 2016 letter.

18.     By attempting to collect and collecting an amount not expressly authorized by the agreement creating the debt or permitted by law, Defendant has violated sections 1692f and 1692f(1) of the FDCPA as to the Plaintiff individually.

19. Defendant knew or should have known that its actions violated the FDCPA. Defendant could have taken steps necessary to bring its collection activity into compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### IV.  CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons with addresses within the Commonwealth of Pennsylvania who, beginning one year prior to the filing of this Complaint through and including the final resolution of this case, were sent one or more letter(s) substantially similar to that sent to the Plaintiff from Defendant attempting to collect a consumer debt which disclosed a bar code visible through the window of the envelope that when read or scanned, revealed the account number, reference number, registration code or other unique identification number associated by Defendant with the person's account.

21. The Class is so numerous that joinder of all members is impracticable. This Complaint concerns mass-produced form collection letters. Although only Defendant knows the precise number of Class members, Defendant regularly collects or attempts to collect debt from consumers through the mailing of collection letters using envelopes with windows.

22. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. The principal common questions include whether the Defendant violated the FDCPA by sending consumers envelopes that reveal bar codes that disclose identifying numbers relating to the consumers.

23. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

24. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling

class actions and claims involving unfair collection and unlawful business practices. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this claim.

25. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

26. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA are $1,000.00. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

## V.    CLAIMS

### Count One – FDCPA
### (Plaintiff and Class v. Defendant)

27. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

28. Plaintiff is a "consumer" within the meaning of section 1692a(3) of the FDCPA.

29. Defendant is a "debt collector" within the meaning of section 1692a(6) of the FDCPA.

30. Defendant's letters to the Plaintiff of January 26, 2016 and March 1, 2016 are each a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the

FDCPA.

31. Defendant violated the FDCPA as to Plaintiff and the Class. Defendant's violations include, but are not limited to, violations of sections 1692f and 1692f(8) of the FDCPA, as evidenced by the following conduct:

(a) using unfair and unconscionable collection practices in connection with the collection of a debt, in violation of section 1692f; and,

(b) using any language or symbol on envelopes mailed to consumers that revealed information other than the debt collector's address, in violation of section 1692f(8).

32. Defendant's actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's and the Class members' rights under the law and with the purpose of coercing Plaintiff and members of the Class to pay alleged debt.

33. As a result of the violations of the FDCPA, Defendant is liable to the Plaintiff and members of the Class for actual damages, statutory damages, costs and attorney's fees.

### Count Two – FDCPA
### (Plaintiff v. Defendant)

34. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

35. Plaintiff is a "consumer" within the meaning of section 1692a(3) of the FDCPA.

36. Defendant is a "debt collector" within the meaning of section 1692a(6) of the FDCPA.

37. Defendant's letters to the Plaintiff of January 26, 2016 and March 1, 2016 are each a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

38. Defendant violated the FDCPA as to Plaintiff. Defendant's violations include, but

are not limited to, violations of sections 1692f and 1692f(1) of the FDCPA, as evidenced by the following conduct:

      (a)     using unfair and unconscionable collection practices in connection with the collection of a debt, in violation of section 1692f; and,

      (b)     attempting to collect and collecting an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of section 1692f(1).

39.    Defendant's actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

40.    As a result of the violations of the FDCPA, Defendant is liable to the Plaintiff individually for actual damages, statutory damages, costs and attorney's fees.

## VII.    JURY TRIAL DEMAND

41.    Plaintiff demands trial by jury as to all issues so triable.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)    That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b)    That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(c)    That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(d)    That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

(e) That the Court grant such other and further relief as may be just and proper.

                    Respectfully submitted,

                    **FRANCIS & MAILMAN, P.C.**

Dated:  April, 19 2016          BY:   */s/ James A. Francis*
                                              JAMES A. FRANCIS
                                              DAVID A. SEARLES
                                              Land Title Building, Suite 1902
                                              100 South Broad Street
                                              Philadelphia, PA 19110
                                              Tel: (215) 735-8600
                                              Fax: (215) 940-8000
                                              jfrancis@consumerlawfirm.com
                                              dsearles@consumerlawfirm.com

                                              *Attorneys for Plaintiff and the Class*